UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06 CR 134 CDP-2 |
| ) | |
| DENNIS DINWIDDIE, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This case is before me on defendant Dennis Dinwiddie's *pro se* motion to reduce his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).[1] For the following reasons, I will deny the motion.

On February 12, 2009, after a four-day trial, a jury convicted Dinwiddie of conspiracy to distribute marijuana in excess of 50 kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); interstate travel in aid of a racketeering enterprise resulting in death, in violation of 18 U.S.C. §§ 1952(a)(2) and 2 (Count II); possession of a firearm in furtherance of a drug trafficking crime that resulted

---

[1] After Dinwiddie filed his *pro se* motion, the Federal Public Defender entered her appearance on behalf of Dinwiddie. Counsel thereafter notified the Court that she would not be filing any additional pleadings on Dinwiddie's motion, and she moved for leave to withdraw from the case. (ECF 786.) I will grant counsel's motion to withdraw.

Dinwiddie also seeks leave to withdraw a duplicate motion to reduce sentence that he filed in error. (ECF 789.) I will grant that motion and direct the Clerk of Court to withdraw the erroneously filed motion (ECF 787).

in murder, in violation of 18 U.S.C. § 924(c)(1) (Count III); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(c) (Count IV). On May 6, 2009, I sentenced Dinwiddie to 360 months' imprisonment on Count I and concurrent terms of life imprisonment on Counts II and IV. As to Count III, I sentenced Dinwiddie to a term of life imprisonment, to be served consecutively to the other sentences imposed.[2] The Eighth Circuit Court of Appeals affirmed Dinwiddie's conviction and sentence. *United States v. Dinwiddie*, 618 F.3d 821 (8th Cir. 2010).

In his motion to reduce sentence, Dinwiddie asks that I reduce his sentence to time served, arguing that the following circumstances warrant compassionate release under the First Step Act:  1) his sentence is unusually long; 2) his consecutive life sentence was not mandated; 3) his parents' poor health; 4) the conditions of his confinement; 5) his youth at the time of the offense; and 6) his rehabilitative efforts. A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). No such extraordinary and compelling reasons exist here.

---

[2] Section 924(j) provides the sentences when a death results from a violation of § 924(c).

## Discussion

Dinwiddie argues that compassionate release is warranted because his sentence is unusually long and application of a recent Supreme Court decision would result in a lesser sentence.

Under U.S.S.G. § 1.B1.13(b)(6),

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

A life sentence is considered an unusually long sentence, *see United States v. Coleman*, No. 4:01-CR-296 RLW, 2024 WL 3372847, at *8 (E.D. Mo. July 8, 2024), and there is no dispute that Dinwiddie has served more than 10 years of that sentence. Dinwiddie contends that the United States Supreme Court's decision in *United States v. Lora*, 599 U.S. 463 (2023), constitutes a change in the law that permits me to exercise my discretion and reduce his life sentence.

In *Lora*, the Supreme Court explained that § 924(c)'s statutory scheme does not require a consecutive sentence for a § 924(j) offense and that it is within a judge's discretion whether to impose concurrent or consecutive sentences for that offense. At Dinwiddie's sentencing, I set out the reasons why the sentence I imposed was warranted in the circumstances of Dinwiddie's criminal history and

involvement in this case:

> I have considered all of the factors under the statute, and in particular, the nature and circumstances of this offense, and your history and characteristics, but the seriousness of this crime. It is so serious to take another life. I believe that to provide just punishment and promote respect for the law, that under the facts of this case, life imprisonment is a just sentence . . . .
>
> I don't need to recite the evidence. Everyone has done it here today, but this was obviously a very serious crime. The sentencing recommendations of the guidelines are life. That is advisory, but I see no reason -- I think that's the appropriate sentence. Even had the Guidelines not recommended that, I think it would have been the appropriate sentence.

(ECF 616, Sent. Tr. at pp. 23-24.) I continue to believe the life sentences Dinwiddie is currently serving are appropriate, especially upon consideration of Dinwiddie's individual circumstances in the offense.[3] My sentencing conclusion was not affected by the perceived mandate of a consecutive sentence. *Cf. United States v. Jones*, 71 F.4th 1083, 1086 (8th Cir. 2023) (no need to remand for resentencing when district court would have imposed consecutive sentences if it understood it had the discretion to do so).

Moreover, as I set out at the sentencing hearing, Dinwiddie's Total Offense Level of 45 and Criminal History Category of VI resulted in an advisory guidelines sentence of life imprisonment. (*See* ECF 616, Sent. Tr. at p. 17.) Regardless of

---

[3] The details of the crimes and Dinwiddie's murder of his former drug distribution partner are set out in the Eighth Circuit's opinion affirming Dinwiddie's conviction and sentence. *United States v. Dinwiddie*, 618 F.3d 821 (8th Cir. 2010).

whether I imposed a consecutive or concurrent term of life imprisonment on Count III of the indictment, Dinwiddie would continue to face a term of life imprisonment on Counts II, III, and IV. Because there is no gross disparity between the life sentence he is currently serving and the life sentence he would be subject to if sentenced today, compassionate release is not warranted under U.S.S.G. § 1B1.13(b)(6). The Supreme Court's *Lora* decision therefore does not invalidate Dinwiddie's sentence nor provide a basis to reduce his sentence under 18 U.S.C. § 3582(c).

Dinwiddie also argues that his parents have health conditions that require his release given that he is their only caregiver. Although Dinwiddie attests to the truth of his assertion (*see* ECF 784, Exh D), there is no other evidence in the record showing that Dinwiddie's parents are without caregivers or that his physical presence is required for their care. Notably, in her statement dated March 12, 2024, written in support of the instant motion for sentence reduction, Dinwiddie's mother does not mention either her or her husband's health conditions or that only Dinwiddie can provide for their care. (ECF 784, Exh, E.)

To the extent Dinwiddie challenges the conditions of his confinement – that is, that he continues to be subject to Covid-related restrictions – those claims are more properly brought in a *Bivens*[4] action rather than a motion for compassionate

---

[4] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

release. *See United States v. Cannon*, No. CR 3:14-430-JFA, 2024 WL 3898632, at *2 (D.S.C. Aug. 22, 2024).

Finally, Dinwiddie contends that his relative youth at the time of the offense (age 28) warrants a reduction in sentence, especially given his demonstrated maturity in prison. Section § 3582(c)(1) was not enacted to provide courts with a mechanism to second-guess sentencing decisions made long ago. *United States v. Logan*, 532 F. Supp. 3d 725, 731 (D. Minn. 2021). Instead, the statute is intended "to give courts a means to shorten sentences that had been rendered unjust by *post-sentencing developments*," not facts or law that existed at the time the defendant was sentenced. *Id.* When I sentenced Dinwiddie here, I considered his characteristics as required under 18 U.S.C. § 3553(a), which necessarily included his age. To the extent Dinwiddie argues that his rehabilitation efforts in prison show his maturity, such rehabilitation efforts cannot, standing alone, constitute the basis for compassionate release. *See Hill v. United States*, 2023 WL 4479356, at *3 (W.D. Ark. June 23, 2023); U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). Moreover, given the seriousness of Dinwiddie's offenses, including carrying out a planned murder with directives to others to participate in the murder and disposal of the body, compassionate release based on Dinwiddie's "youth" at the time of the

- 6 -

offenses would be inappropriate. *See United States v.* Vest, No. 94-00037-4-CR-W-HFS, 2024 WL 4625293, at *8 (W.D. Mo. Oct. 21, 2024) (on motion for compassionate release, inappropriate for court to consider defendant's age at time of offense (between 16 and 20) given seriousness of the crimes).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dennis Dinwiddie's Motion for Reduction in Sentence [784] is **DENIED**.

**IT IS FURTHER ORDERED** that counsel's motion to withdraw from the case [786] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to withdraw document [789] is **GRANTED**, and defendant's erroneously filed Motion for Reduction in Sentence [787] is **WITHDRAWN**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2024.